UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Garrett Rogers, | Civil Action No.: 4:18-cv-01069-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Solicitors of Darlington County Court House, | |
| Defendant. | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends dismissing Plaintiff's pro se complaint with prejudice.[1]  *See* ECF No. 16.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2]  In the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] Plaintiff's objections were due by August 30, 2018. *See* ECF Nos. 16 & 17.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record, the Court adopts the Magistrate Judge's R & R [ECF No. 16], *except as modified by Footnote 3 below*. Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice*[3] and without issuance and service of process.[4]

**IT IS SO ORDERED.**

Florence, South Carolina  
September 21, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] The Magistrate Judge concluded this case is subject to dismissal for lack of subject matter jurisdiction but recommended the dismissal be *with prejudice*. R & R at pp. 3, 5. The Court respectfully declines to adopt this recommendation and instead dismisses the action *without* prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)).

[4] The Magistrate Judge already provided Plaintiff an opportunity to file an amended complaint (*see* ECF No. 8), but he did not do so; and therefore the Court is dismissing this action. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).